UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MUTUAL OF OMAHA INSURANCE CO.,

    Plaintiff,

v.                                              Case No. 05-C-79

BESSE FOREST PRODUCTS GROUP, et al.,

    Defendants,

v.

SIRIUS AMERICA INSURANCE
COMPANY,

    Third-Party Defendant.

**ORDER**

Mutual of Omaha issued a policy to the NCAA covering injuries sustained by college athletes during intercollegiate football games. Justin Greenwood, a player at UW-Eau Claire, sustained such an injury and incurred several hundred thousand dollars' worth of medical expenses. Mutual paid his expenses but has now sued the Besse Forest Group and its self-funded ERISA plan, under which Justin is a beneficiary, seeking to recover its payments because it claims the Besse Plan is primary. Besse has brought in its own stop-gap insurer, the Sirius America Insurance Company, arguing that if Besse is found primary, then Sirius must come through for any expenses in excess of its coverage limit.

**1. Addition of Greenwood**

Besse has filed a motion seeking to add Justin Greenwood as a party, arguing that this action might not conceivably resolve all coverage issues in a fashion that would bind Greenwood. Specifically, Besse suggests that if it loses here, it might want to go after Greenwood for the amounts that Mutual already paid because the Mutual plan is apparently more generous than its own plan. In other words, if Besse has to reimburse Mutual for every dime Mutual paid on behalf of Greenwood, it might want to recover from Greenwood himself the difference between what he was owed under the Besse plan and the more generous amount the plan had to pay Mutual. Moreover, if Besse were to lose this case (i.e., if it becomes Greenwood's primary insurer) Greenwood might be inclined to "dispute the application of [its own less generous] policy limits."

Mutual and Sirius oppose the addition of Greenwood to this case. They note that he and his mother lack funds to hire an attorney to represent their interests and dispute whether his interest in this lawsuit is truly necessary under either Rule 14 or 19. Moreover, the amended third-party complaint filed by Besse does not indicate that Besse might have any claim against Greenwood himself.

Rule 14(a) allows a defendant to bring in a third party when that party is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff. Fed. R. Civ. P. 14(a). In English, that means Besse may add Greenwood if Greenwood might be liable for payment of all or part of Mutual's claim against Besse. But Mutual's claim is a declaratory judgment action seeking a declaration that Besse is primary and seeking reimbursement from Besse; there is no foreseeable circumstance in which Greenwood himself (assuming Mutual won) would

owe Mutual any money, and Mutual explicitly forswears any such possibility. Accordingly, joinder under Rule 14 is inappropriate.

Rule 19 allows joinder of "persons needed for just adjudication." Fed. R. Civ. P. 19. Besse claims that Greenwood has an interest in this action inasmuch as he wants Besse to win (meaning the more generous coverage will be from Mutual of Omaha) and inasmuch as he wants to avoid Besse's coming after him for reimbursement. Despite its purported concerns about Greenwood's best interests, it is only in the event that Besse loses and then seeks to recover from Greenwood that those interests will be affected. Moreover, even in that event it cannot be said that Greenwood's ability to protect that interest would be "impeded" for purposes of Rule 19(a). To the extent that Besse claims to be concerned about being subject to incurring double or multiple liability, its concerns are limited to the wholly speculative notion that if it wins here, Greenwood might be upset and contest its policy limits, etc. These concerns do not add up to a conclusion that Greenwood's presence in this lawsuit is needed for a "just adjudication." Fed. R. Civ. P. 19. Complete relief among the insurers can be granted here whether or not Greenwood is a party to this lawsuit.

Accordingly, the motion to amend the third-party complaint is **DENIED**.

**2. Sirius's Amended Pleading**

A second issue has arisen in this case involving an amended counterclaim filed by Sirius on July 7, 2005. The other parties claim that such a filing required the permission of the court and on those grounds they object to the filing (although they did not move to strike or to dismiss). While they are correct that generally such permission is required, because such amendments are routinely granted in the interests of justice (see Rule 15), my scheduling order permits their filing without

seeking separate leave.[1] Perhaps the order should have clarified that fact. In any event, the objections are noted but overruled to the extent they are based merely on the failure to seek permission to file.

The motion to amend the third-party complaint to add Justin Greenwood as a party is **DENIED**.

**SO ORDERED** this   5th   day of October, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

---

[1] The fact that Besse did seek leave to add Greenwood in its amended pleading, and the subsequent objections to the granting of that leave, produce the same result as if Besse had not sought leave but had been subject to the other parties' motions to dismiss or strike.

4